00001

1  DAVID B. GOLUBCHIK (State Bar No. 185520)
   JOHN-PATRICK M. FRITZ (State Bar No. 245240)
2  JEFFREY S. KWONG (State Bar No. 288239)
3  LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
   10250 Constellation Boulevard, Suite 1700
4  Los Angeles, California 90067
   Telephone:  (310) 229-1234
5  Facsimile:  (310) 229-1244
   Email: DBG@LNBYB.COM; JPF@LNBYB.COM; JSK@LNBYB.COM
6

7
   Attorneys for Chapter 11 Debtor
8  and Debtor in Possession

9
                    **UNITED STATES BANKRUPTCY COURT**
10
                     **CENTRAL DISTRICT OF CALIFORNIA**
11
                           **LOS ANGELES DIVISION**
12

13  In re:                              ) Case No.: 2:16-bk-13575-TD
                                        )
14  LIBERTY ASSET MANAGEMENT            )
    CORPORATION,                        ) Chapter 11 Case
15                                      )
            Debtor and Debtor in Possession. ) **EMERGENCY    MOTION    FOR**
16                                      ) **TURNOVER  OF  PROPERTY  OF  THE**
                                        ) **ESTATE  AND  BOOKS  AND  RECORD**
17                                      ) **RELATING  TO  PROPERTY  OF  THE**
                                        ) **ESTATE; MEMORANDUM OF POINTS**
18                                      ) **AND AUTHORITIES; DECLARATIONS**
                                        ) **OF  BENJAMIN  KIRK  AND  DAVID  B.**
19                                      ) **GOLUBCHIK IN SUPPORT THEREOF**
                                        )
20                                      ) <u>Emergency Hearing</u>
21                                      ) Date: To be set by Court
                                        ) Time: To be set by Court
22                                      ) Place: Courtroom 1345
23                                      )          255 East Temple Street
                                        )          Los Angeles, CA 90012
24                                      )
                                        )
25                                      )
                                        )
26                                      )
                                        )
27                                      )
                                        )
28  _____  )

00002

00002

**SUMMARY**

Pursuant to sections 105 and 542 of Title 11 of the United States Code, sections 101 *et seq.* (the "Bankruptcy Code"), Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2081-1(a)(12) and 9075-1 of the *Local Bankruptcy Rules for the Bankruptcy Court of the Central District of California* (the "Local Rules"), Liberty Asset Management Corporation (the "Debtor"), the debtor and debtor in possession in the above-captioned chapter 11 bankruptcy case, hereby submits its self-styled *Emergency Motion for Turnover of Property of the Estate,* (the "Motion") on an emergency basis.

The Debtor is a real estate management company, solely owned by Benjamin Kirk. Since its inception, the Debtor's mission was to seek out real estate opportunities, invest in such opportunities and manage them. Even prior to the creation of the Debtor, Mr. Kirk maintained a personal and professional relationship with Lucy Gao, including a child between them. In the ordinary course of business, the Debtor would identify real estate projects to acquire, the Debtor would fund the acquisition of such properties and a special-purpose entity would be formed to own and operate the properties. Ms. Gao was responsible for the creation of the entities and structured many of them with herself (Lucy Gao) as the sole member. Notwithstanding the foregoing, it was always understood that the properties, which were acquired with Debtor's funds, were held for the benefit of the Debtor, and not a gift to Ms. Gao for her personal use.

Approximately two (2) years ago, the personal relationship of these individuals came to an end. The Debtor, through Mr. Kirk, learned that Ms. Gao has been using her position as the sole member of certain of the special purpose entities, to sell the real estate holdings and divert funds to herself and to the exclusion of the Debtor and Debtor's creditors. Since the Debtor has substantial creditors of its own, and funds were not being remitted to the Debtor to pay its obligations to creditors, such creditors commenced litigation against the Debtor. Based on the foregoing, the Debtor determined that the commencement of this bankruptcy case was necessary and proper to stay litigation and use the powers of the Court to preserve assets for the benefit of

1   creditors.  Upon commencement of this case, the Debtor has already initiated certain adversary

2   proceedings for a determination as to the ownership of the various properties and entities.

3       The Debtor has historically operated at the real property located at 3218 E. Holt Avenue,

4   West Covina, CA 91791 (the "Holt Property"), which is owned by a related single-purpose entity

5   where Ms. Gao is listed as the sole member.  The Debtor's books, records, computers, bank

6   account statements, tax returns, financial records, Quick Books electronic data, purchase and sale

7   agreements, investor funding agreements, files, data storage, servers, and practically all of its

8   information (collectively, the "Books and Records") are kept at the Holt Property.  Ms. Gao and

9   her cohorts are in physical possession of the Holt Property, and when Mr. Kirk attempted to

10  retrieve the Books and Records, Ms. Gao caused the local police department to kick out Mr. Kirk

11  without the Debtor's books and records.  Ms. Gao has refused to turn over the Books and

12  Records despite repeated demands by the Debtor and Debtor's counsel.

13      Many of the records are in electronic format.  Ms. Gao has caused the Debtor's

14  representatives to be blocked from access to such electronic records, including, without

15  limitation, terminating Mr. Kirk's email access to the Debtor, which he has enjoyed for years.

16  When the Debtor contacted the domain registrar to regain access, the "administrator" for the

17  domain, who is working with Ms. Gao, terminated such access.  The Debtor must be able to

18  receive all administrative passwords and information for its own domain (www.libertycmc.com)

19  so that the information can be accessed and protected.

20      The Debtor needs the Books and Records to administer its bankruptcy estate, including to

21  file required documents under 11 U.S.C. § 521 and submit proper reporting to the United States

22  Trustee ("UST").  For instance, Ms. Gao's refusal to turn over the Books and Records had made

23  it extraordinarily difficult (impossible, so far) for the Debtor to submit proof of insurance on

24  some properties to the UST, as well as tax returns.  Moreover, without the Books and Records to

25  show flow of funds (bank records), chain of title, ownership, and legal rights, the Debtor cannot

26  proceed with the administration of its estate.  In short, Ms. Gao's refusal to turn over the Books

27  and Records is causing tremendous problems for the Debtor and its estate.

28

1    The Debtor seeks an order of this Court for immediate turnover of the Debtor's Books

2 and Records, immediate turnover of information relating to the Debtor's property and financial

3 affairs, and sanctions if Ms. Gao and her cohorts do not comply forthwith.

4    The relief requested in this Motion is based on this Motion, the memorandum of points

5 and authorities annexed to the Motion, the declarations of Benjamin Kirk and David B.

6 Golubchik annexed to the Motion, the arguments of counsel to be made at the hearing on the

7 Motion, and such other pleadings and evidence that the Court may consider.

8

9 Dated: April 1, 2016                        LIBERTY ASSET MANAGEMENT CORP.

10                                By:    /s/ David B. Golubchik
                                       DAVID B. GOLUBCHIK
11                                     JOHN-PATRICK M. FRITZ
                                       JEFFREY S. KWONG
12                                     LEVENE, NEALE, BENDER, YOO
                                        & BRILL L.L.P.
13
                                       Attorneys for Plaintiff and
14                                     Chapter 11 Debtor and Debtor in Possession

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  STATEMENT OF FACTS

**A.     Background**

1.     The Debtor commenced its chapter 11 bankruptcy case by filing a voluntary petition under chapter 11 of title 11, sections 101 *et seq.* of the United States Code, (the "Bankruptcy Code") on March 21, 2016 (the "Petition Date").

2.     No committee of unsecured creditors has been formed, and no trustee has been appointed.  The Debtor continues to operate its business and manage its financial affairs as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3.     The Debtor is a real estate management company with Benjamin Kirk as 100% member.  Since its inception, the Debtor's mission was to seek out real estate opportunities, invest in such opportunities and manage them.

4.     Even prior to the creation of the Debtor Mr. Kirk maintained a personal and professional relationship with Lucy Gao, including a child between them.  In the ordinary course of business, the Debtor would identify real estate projects to acquire, the Debtor would fund the acquisition of such properties and a special-purpose entity would be formed to own and operate the properties.  Ms. Gao was responsible for the creation of the entities and structured many of them with herself (Lucy Gao) as the sole member.  Notwithstanding the foregoing, it was always understood that the properties, which were acquired with Debtor's funds, were held for the benefit of the Debtor and not as gifts for Ms. Gao.

5.     Approximately two (2) years ago, the personal relationship of these individuals came to an end.  The Debtor, through Mr. Kirk, learned that Ms. Gao has been using her position as the sole member of certain of the special purpose entities, to sell the real estate holdings and divert funds to herself and to the exclusion of the Debtor.  Since the Debtor has substantial creditors of its own, and funds were not being remitted to the Debtor to pay its obligations to creditors, such creditors commenced litigation against the Debtor.

6.     Based on the foregoing, the Debtor determined that the commencement of this bankruptcy case was necessary and proper to stay litigation and use the powers of the Court to preserve assets for the benefit of creditors.   Upon commencement of this case, the Debtor has already initiated certain adversary proceedings for a determination as to the ownership of the various properties and entities.

7.     The Debtor's goal for this bankruptcy is to generate funds to pay its creditors. Based on the Debtor's portfolio of assets, the Debtor believes that it will be able to pay all its creditors in full and this will be a surplus estate.

**B.     The Debtor's Books and Records**

8.     The Debtor has historically operated at the real property located at 3218 E. Holt Avenue, West Covina, CA 91791 (the "Holt Property"), which is owned by a related single-purpose entity where Ms. Gao is listed as the sole member.   The Debtor's books, records, computers, bank account statements, tax returns, financial records, Quick Books electronic data, purchase and sale agreements, investor funding agreements, files, data storage, servers, and practically all of its information (collectively, the "Books and Records") are kept at the Holt Property.   Ms. Gao and her cohorts are in physical possession of the Holt Property, and when Mr. Kirk attempted to retrieve the Books and Records, Ms. Gao caused the local police department to kick Mr. Kirk without the Debtor's books and records.   Ms. Gao has refused to turn over the Books and Records despite repeated demands by the Debtor and Debtor's counsel.

9.     Many of the records are in electronic format.   Ms. Gao has caused the Debtor's representatives to be blocked from access to such electronic records, including, without limitation, terminating Mr. Kirk's email access to the Debtor, which he has enjoyed for years. When the Debtor contacted the domain registrar to regain access, the "administrator" for the domain, who is working with Ms. Gao, terminated such access.   The Debtor must be able to receive all administrative passwords and information for its own domain (www.libertycmc.com) so that the information can be accessed and protected.

10.     The Debtor needs the Books and Records to administer its bankruptcy estate, including to file required documents under 11 U.S.C. § 521 and submit proper reporting to the United States Trustee ("UST").  For instance, Ms. Gao's refusal to turn over the Books and Records had made it extraordinarily difficult (impossible, so far) for the Debtor to submit proof of insurance on some properties to the UST, as well as tax returns.  Moreover, without the Books and Records to show flow of funds (bank records), chain of title, ownership, and legal rights, the Debtor cannot proceed with the administration of its estate.  In short, Ms. Gao's refusal to turn over the Books and Records is causing tremendous problems for the Debtor and its estate.

11.     The Debtor's Books and Records at the Holt Property consists of, among other things, at least: (1) 40 computers; (2) 160 business records pertaining to the Debtor and its special purpose entities (including company documents, financial information, tax returns, bank statements, incoming and outgoing wire information); and (3) 1,325 files pertaining to real estate transactions involving the Debtor and its special purpose entities.

## II.  THE COURT SHOULD ORDER LUCY GAO TO TURN OVER THE BOOKS AND RECORDS IMMEDIATELY

Section 541 of the Bankruptcy Code defines property of the estate to include "all legal or equitable interest of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).  A debtor's books and records are property of the estate.  *In re Blinder, Robinson & Co., Inc.*, 140 B.R. 790, 794 (D.Colo.1992) ("Property of the estate includes books and records produced during a corporation's existence."); *see also*, *In re Payroll Expense Corp.*, 2008 WL 5396609 *1, *2 (Bankr. S.D.N.Y. Nov. 24, 2008) (including the "books and records" in the property of the estate); *see also*, *In re Greenlife, Inc.*, 1990 WL 10091748 *1, *3 (Bankr.E.D.Va.1990) (noting that automatic stay protects "property of the estate, including the debtor's books and records"); *see also*, *In re Coats*, 53 B.R. 64, 65 (Bankr.N.D.Tex.1985) (noting that mail is property of the estate).    Social media accounts, email accounts, and administrative passwords of a business belong to the business and are property of the estate that

1    must be turned over to the debtor in possession.  *In re CTLI, LLC*, 528 B.R. 359, 378-79

2    (Bankr.S.D.Tex.2015).

3    　　　Section 542 of the Bankruptcy Code requires that (with certain exceptions not applicable

4    here) "any entity . . . in possession, custody, or control, during the case, of property that the

5    trustee [or debtor in possession] may use, sell, or lease under section 363 of this title . . . shall

6    deliver to the trustee, and account for, such property."  11 U.S.C. §§ 542(a), 1107 & 1108.

7    Congress intended the scope of section 541 and property of the estate to be quite broad, and even

8    property that has been seized and repossessed by secured creditors is still property of the estate

9    and subject to turnover.  *U.S. v. Whiting Pools, Inc.*, 674 F.2d 144, 150 (2d Cir.1982). The

10   Debtor's Books and Records are property of the estate and must be turned over.  Indeed, even a

11   custodian in possession of a debtor's property and books and records must turn over to the debtor

12   in possession "all properties including books and records in his possession which are properties

13   of the estate."  *In re Property Management & Investments, Inc.*, 17 B.R. 728, 733

14   (Bankr.M.D.Fla.1982).

15   　　　Were that not enough (which it certainly is), section 542(e) sets forth that the court may

16   order any person "that holds recorded information, including books, documents, records, and

17   papers, relating to the debtor's property or financial affairs, to turn over or disclose such

18   recorded information to the [debtor in possession]."  11 U.S.C. §§ 542(e) and 1107.  Section

19   542(e) is not limited to a debtor's books and records but expand to records simply *relating* to the

20   Debtor's property or financial affairs.  Thus, to the extent that Ms. Gao and her agents would

21   bluff that the Books and Records are not actually the Debtor's, the Court can (and should) order

22   Ms. Gao to turn over the Books and Records so long as they merely relate to the Debtor's

23   property or financial affairs.  Moreover, when dealing with closely held companies, the separate

24   books and records of an affiliated company are material and relevant to the debtor's financial

25   affairs and property and should be surrendered to the debtor in possession as well.  *See*, *In re*

26   *Thomas*, 2003 WL 21981707 *1, *11 (Bankr.D. Idaho 2003) (holding in ruling in a similar

27   situation on section 727(a)(3) that "where the facts indicate that a debtor exercised control over

28

and conducted business through a closely held corporation, § 727(a)(3) inquiries cannot be artificially limited to those records that are, strictly speaking, those of the debtors"). Here, Ms. Gao was trusted and tasked with investing and managing the Debtor's investments through several LLCs such that the Debtor's investments and businesses were conducted through those LLCs. Ms. Gao should not be permitted to hide the Debtor's financial affairs and assets through these LLCs. Accordingly, the Court should order Ms. Gao and her agents to turn over all the Debtor's Books and Records, including books and records of the LLCs *relating to* the Debtor's property and financial affairs.

The failure to turnover property of the estate, will subject uncooperative parties to sanctions for interference with the bankruptcy estate and violation of the automatic stay. *Mwangi v. Wells Fargo Bank, N.A. (In re Mwangi)*, 432 B.R. 812, 825 (9th Cir.B.A.P.2010) (determining that Wells Fargo's implementation of freeze on account and failure to transfer funds would be impermissible violation of the automatic stay and subject it to sanctions to be determined by bankruptcy court); *In re Hernandez*, 468 B.R. 396, 405 (Bankr.S.D.Cal.2012). Even where an account has been levied by a creditor and sheriff, upon the filing of a bankruptcy petition, the levy is to cease, and the account and funds therein are to be turned over to the debtor in possession as property of the estate. *In re Hernandez*, 468 B.R. at 405. The duty to turn over estate property is mandatory, and the onus to turnover is on the possessor. *Id.* (citing *U.S. v. Whiting Pools*, 462 U.S. 198, 211 (1983) and *Cal. Employment Dev. Dep't v. Taxel (In re Del Mission Ltd.)*, 98 F.3d 1147, 1151 (9th Cir.1996)).

Here, Ms. Gao and her agents have possession of the Debtor's Books and Record, but she has not given any justification for her willful refusal to turn them over to the Debtor. The Debtor can – and must – use the Books and Records to comply with its duties as a debtor in possession, report to the UST, account for its estate, protect its creditors, and locate and preserve its assets. The Books and Records have consequential value to the Debtor because they contain all of the information needed for the Debtor to administer, manager, and preserve its estate for the benefit of all creditors. Without the Books and Records, the Debtor will be irrevocably harmed because

it cannot trace, locate, and preserve its valuable assets. The Court should issue an order instructing and directing Ms. Gao and her agents to turn over the Books and Records to the Debtor forthwith.

The Debtor and its estate will suffer irreparable injury if the Court does not immediately order Ms. Gao to turn over the Books and Records to the Debtor because the Debtor will not be able to comply with its duties as a debtor in possession, including providing proof of insurance to the UST, and taking all necessary steps to ensure that Ms. Gao and her agents do not pilfer the estate assets. The Debtor needs the Books and Records to identify the location of its assets, contact third parties, such as banks, escrow companies, brokers, and title companies and inform them of the bankruptcy case, the automatic stay, and to halt any dissipation of assets.

In the last two (2) years, Ms. Gao caused several LLC's, which acquired properties through the Debtor's funding, to sell the properties and take the proceeds resulting therefrom for her benefit and the exclusion of the Debtor and its creditors. Such diverted proceeds total over $25 million and relate to the sale of the following properties in which the Debtor had a beneficial interest:

- 166 Geary Street, San Francisco, CA 94108
- 1145-1147 Grand Avenue, San Diego
- 1595 17th Street, Santa Ana

It would be detrimental to the estate if Ms. Gao was able to cause such additional dissipation of millions of dollars of assets by refusing to return the Books and Records and thereby prevent the Debtor from contacting third parties to stop such unlawful actions.

The public interest favors the Debtor, as it is a fundamental principal of the Bankruptcy Code that entities turnover property of the estate and not attempt to exercise any unauthorized control over it. *See*, 11 U.S.C. §§ 362(a)(3) and 542(a). Accordingly, there is cause and grounds for entering immediate relief ordering Ms. Gao and her agents to turn over all of the Debtor's Books and Records to the Debtor. Among other relevant information, the Debtor's Books and Records include: (1) 40 computers; (2) 160 business records pertaining to the Debtor and its

1   special purpose entities (including company documents, financial information, tax returns, bank

2   statements, incoming and outgoing wire information); and (3) 1,325 files pertaining  to real

3   estate transactions involving the Debtor and its special purpose entities

4   **III.  <u>GRANTING RELIEF BY WAY OF MOTION IS PROCEDURALLY PROPER</u>**

5           This Motion is brought as a contested matter.  A contested matter resembles an adversary

6   proceeding in that two parties oppose each other with respect to relief sought by one of them, and

7   the list of types of matters that qualify as contested matters is endless. 10 COLLIER ON

8   BANKRUPTCY ¶ 9014.01, at 9014-2 & 9014-3 (Alan N. Resnick & Henry J. Sommer eds., 16th

9   ed.).  A contempt proceeding is a contested matter.  10 COLLIER ON BANKRUPTCY ¶ 9014.01, at

10  9014-3 (citing *Barrientos v. Wells Fargo Bank, N.A.*, 663 F.3d 1186, 1189 (9th Cir.2011).  Even

11  where a contested matter is commenced by motion instead of a proper adversary proceeding, "so

12  long as due process has bene afforded to the responding party, the courts will apply the harmless

13  error rule and not force the parties to start all over again."  10 COLLIER ON BANKRUPTCY ¶

14  9014.01, at 9014-4; *Korneff v. Downey Regional Medical Center (In re Downey Regional

15  Medical Center)*, 441 B.R. 120, 128 (9th Cir.B.A.P.2010).

16          Even where the use of an adversary proceeding rather than a motion is the normal

17  practice, the Court should observe the importance of substance over form and grant the Motion

18  on the merits because no parties are prejudiced by the use of a motion proceeding rather than an

19  adversary proceeding.  As the Supreme Court unanimously reasoned and held, even when an

20  adversary proceeding is required, the real importance is actual notice and an opportunity to be

21  heard.  *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010).  "Due process

22  requires notice 'reasonably calculated, under all the circumstances, to apprise interested parties

23  of the pendency of the action and afford them an opportunity to present their objections.'"  *Id.*

24  (citing and quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

25  Actual notice, and not the use of an adversary proceeding, regardless of the requirement to use

26  one, "more than satisfied . . . due process rights."  *Id.*

27

28

Here, the Debtor has given notice and service of the Motion to Ms. Gao, the United States Trustee, and all parties requesting special notice. The relief requested is contemplated for and sought directly against Ms. Gao, who has received actual notice. Had the Debtor proceeded by way of adversary proceeding, the same motion would have been filed, the same arguments made, and the same notice given to the same parties. Therefore, the Court should grant the Motion on the merits even if the relief is requested by way of Motion rather than adversary proceeding.

### IV. CONCLUSION

Based upon all of the foregoing, the Debtor respectfully requests that the Court enter an order:

1.    Granting this Motion in its entirety;

2.    Finding the notice to be good and proper under the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rules, as modified by the Court and appropriate under the circumstances;

3.    Ordering and instructing Lucy Gao, her affiliates, agents, and employees to immediately turn over the Debtor's Books and Records and information relating to the Debtor's property and financial affairs to the Debtor; and

4.    Granting such other and further relief as the Court deems just and proper under the circumstances.

Dated: April 1, 2016                        LIBERTY ASSET MANAGEMENT CORP.

By: ___/s/ David B. Golubchik_____
                        DAVID B. GOLUBCHIK
                        JOHN-PATRICK M. FRITZ
                        JEFFREY S. KWONG
                        LEVENE, NEALE, BENDER, YOO
                          & BRILL L.L.P.

                        Attorneys for Plaintiff and
                        Chapter 11 Debtor and Debtor in Possession

### DECLARATION OF BENJAMIN KIRK

I, Benjamin Kirk, declare under penalty of perjury under the laws of the United States of America that the following statements are true and based upon personal knowledge.

1.      I am over 18 years of age.  I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2.      I am the CEO and 100% equity holder of Liberty Asset Management Corporation, the debtor and debtor in possession herein ("Debtor").

3.      The Debtor commenced its chapter 11 bankruptcy case by filing a voluntary petition under chapter 11 on March 21, 2016 (the "Petition Date").

4.      The Debtor is a real estate management company.  Since its inception, the Debtor's mission was to seek out real estate opportunities, invest in such opportunities and manage them.

5.      Even prior to the creation of the Debtor, I maintained a personal and professional relationship with Lucy Gao, including a child between us.  In the ordinary course of business, through the Debtor, I would identify real estate projects to acquire, the Debtor would fund the acquisition of such properties and a special-purpose entity would be formed to own and operate the properties.  Ms. Gao was responsible for the creation of the entities and structured many of them with herself (Lucy Gao) as the sole member.  Notwithstanding the foregoing, it was always understood that the properties, which were acquired with Debtor's funds, were held for the benefit of the Debtor and not as gifts for Ms. Gao.

6.      Approximately two (2) years ago, our personal relationship came to an end.  In the same period of time, Ms. Gao caused several LLC's, which acquired properties through the Debtor's funding, to sell the properties and take the proceeds resulting therefrom for her benefit and the exclusion of the Debtor and its creditors.  Such diverted proceeds total over $25 million and relate to the sale of the following properties in which the Debtor had a beneficial interest:

- 166 Geary Street, San Francisco, CA 94108
- 1145-1147 Grand Avenue, San Diego

1    • 1595 17th Street, Santa Ana

2    7.    Since the Debtor has substantial creditors of its own, and funds were not being

3  remitted to the Debtor to pay its obligations to creditors, such creditors commenced litigation

4  against the Debtor.

5    8.    Based on the foregoing, I determined that the commencement of this bankruptcy

6  case was necessary and proper to stay litigation and use the powers of the Court to preserve assets

7  for the benefit of creditors.  Upon commencement of this case, the Debtor has already initiated

8  certain adversary proceedings for a determination as to the ownership of the various properties and

9  entities.

10    9.    In addition, the Debtor is in the process of hiring a Chief Restructuring Officer to

11  shepherd this case and to assist with reconciliation of the records and flow of funds so that the

12  creditors of the Debtor are protected.

13    10.    The Debtor's goal for this bankruptcy is to generate funds to pay its creditors.

14  Based on the Debtor's portfolio of assets, I believe that it will be able to pay all its creditors in full

15  and this will be a surplus estate.

16  **B.    The Debtor's Books and Records**

17    11.    The Debtor has historically operated at the real property located at 3218 E. Holt

18  Avenue, West Covina, CA 91791 (the "Holt Property"), which is owned by a related single-

19  purpose entity where Ms. Gao is listed as the sole member.  The Debtor's books, records,

20  computers, bank account statements, tax returns, financial records, Quick Books electronic data,

21  purchase and sale agreements, investor funding agreements, files, data storage, servers, and

22  practically all of its information (collectively, the "Books and Records") are kept at the Holt

23  Property.  Ms. Gao and her cohorts are in physical possession of the Holt Property, and when I

24  attempted to retrieve the Books and Records, Ms. Gao caused the local police department to kick

25  me out without the Debtor's books and records.  Ms. Gao has refused to turn over the Books and

26  Records despite repeated demands by me and Debtor's counsel.

27

28

12.     Many of the records are in electronic format.  Ms. Gao has caused the Debtor's representatives to be blocked from access to such electronic records, including, without limitation, terminating my email access to the Debtor, which I have used for years.  When the Debtor contacted the domain registrar to regain access, the "administrator" for the domain, who is working with Ms. Gao, terminated such access.  The Debtor must be able to receive all administrative passwords and information for its own domain (www.libertycmc.com) so that the information can be accessed and protected.

13.     The Debtor needs the Books and Records to administer its bankruptcy estate, including to file required documents and to submit proper reporting to the United States Trustee ("UST").  For instance, Ms. Gao's refusal to turn over the Books and Records had made it extraordinarily difficult (impossible, so far) for the Debtor to submit proof of insurance on some properties to the UST, as well as tax returns.  Moreover, without the Books and Records to show flow of funds (bank records), chain of title, ownership, and legal rights, the Debtor cannot proceed with the administration of its estate.  In short, Ms. Gao's refusal to turn over the Books and Records is causing tremendous problems for the Debtor and its estate.

14.     Based on my last visit to the Holt Property and my personal recollection, the Debtor's Books and Records at the Holt Property consists of, among other things, at least: (1) 40 computers; (2) 160 business records pertaining to the Debtor and its special purpose entities (including company documents, financial information, tax returns, bank statements, incoming and outgoing wire information); and (3) 1,325 files pertaining to real estate transactions involving the Debtor and its special purpose entities.

Executed on this 31st day of March 2016, at West Covina, California.

BENJAMIN KIRK

00016
00016

### DECLARATION OF DAVID B. GOLUBCHIK

I, DAVID B. GOLUBCHIK, HEREBY DECLARE AS FOLLOWS:

1.      I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2.      I am a partner with the law firm of Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB"), proposed general bankruptcy counsel to Liberty Asset Management Corporation, the debtor and debtor in possession herein ("Debtor").

3.      Based on my discussion with the Debtor and my familiarity with the parties, I am aware that Charles L. Kreindler of Sheppard Mullin used to represent Lucy Gao and Benjamin Kirk in the past in connection with litigation with third parties.  The representation of Mr. Kirk came to an end and, I understand that, Mr. Kreindler continues to represent Ms. Gao in such capacity.  Based on my discussion with Mr. Kreindler, he advised me that, at this time, he does not represent Ms. Gao in connection with the Debtor's bankruptcy case and litigation commenced herein, but is facilitating communications.  Based on the foregoing, on March 24, 2016, I sent an email to Ms. Kreindler formally informing him and Ms. Gao of the pendency of the case, the pending litigation and the requirement to preserve documents and records.  Further, on March 28, 2016, I advised Mr. Kreindler and Ms. Gao that Mr. Kirk's email access was terminated and the Debtor needs access to its books and records.  A true and correct copy of the communication exchange is attached hereto as Exhibit "A".

4.      In addition, there is currently pending a Chapter 11 bankruptcy case of Crystal Waterfalls, LLC ("Crystal") before the Honorable Ernest Robles (2:15-bk-27769-ER).  Ian Landsberg is counsel to Crystal.  Crystal is one such entity in which the Debtor asserts a beneficial interest and litigation has been commenced.  Ms. Gao is directing Crystal's case and providing instructions to Mr. Landsberg.

5.      Based on the foregoing, on March 30, 2016, I sent another email to Mr. Kreindler and Mr. Landsberg demanding turnover of the Debtor's books and records.  A true and correct copy of my email is attached hereto as Exhibit "B".  I subsequently spoke with

Mr. Landsberg, who stated he is not counsel to Ms. Gao but attempting to facilitate the process, and offered to meet in person at the office premises to ensure that the turnover is proper and only includes records of the Debtor.

6.      To date, I have not received any response or offer to cooperate.  The Debtor must be able to complete its reporting to the US Trustee and the Court and the Debtor must be able to commence administration of its estate, which is impossible wihtout access to its own books and records.

I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 31st day of March 2016 at Los Angeles, California.

*/s/ David B. Golubchik*
DAVID B. GOLUBCHIK

# EXHIBIT "A"

Lourdes

From:           David B. Golubchik
Sent:           Monday, March 28, 2016 1:27 PM
To:             'Charles Kreindler'
Cc:             Jeffrey S. Kwong; Anthony Moshirnia; Lucy Gao (lucy@huntingtongcc.com)
Subject:        RE: In re Liberty / Lucy Gao

Chuck,

A few things things:
1. An amended complaint is being filed as to Los Altos.
2. Shortly after I sent the document preservation email, Benny's access to his emails was mysteriously lost. His emails contain the necessary documents for the bankruptcy. The email servers and domain names are all under Lucy's control from the Holt address. It is imperative that his access be reinstated so that he can access Liberty data.
3. We need access to Liberty's financial records, including Quick Books, which are under Lucy's control at the Holt address. We are happy to send out a computer person to copy the data so that there are no delays. Please advise how best to accomplish this.

Thank you

**DAVID B. GOLUBCHIK,** Esq.

**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**
10250 Constellation Blvd.   |   Suite 1700   |   Los Angeles, CA   90067
Phone  310 229 1234   |   Direct  310 229 3393   |   Fax  310 229 1244
dbg@lnbyb.com   |   **www.lnbyb.com**

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Brill  L.L.P.'s email policies which can be found at http://www.lnbyb.com/disclaimers.htm

 Please consider the environment before printing this email

From: David B. Golubchik
Sent: Thursday, March 24, 2016 2:29 PM
To: 'Charles Kreindler'
Cc: Jeffrey S. Kwong; Anthony Moshirnia; Lucy Gao (lucy@huntingtongcc.com)
Subject: RE: In re Liberty / Lucy Gao

Thanks Chuck. Will review. As I advised you, I have a redeye to Chicago tonight and will return Sunday night. I will review, discuss with client, and, either take appropriate action to remedy this issue or otherwise respond to you by the end of the day on Monday.

**DAVID B. GOLUBCHIK,** Esq.

**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**
10250 Constellation Blvd.   |   Suite 1700   |   Los Angeles, CA   90067
Phone  310 229 1234   |   Direct  310 229 3393   |   Fax  310 229 1244
dbg@lnbyb.com   |   **www.lnbyb.com**

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Brill L.L.P.'s email policies which be can found at http://www.lnbyb.com/disclaimers.htm.

 Please consider the environment before printing this email

From: Charles Kreindler [mailto:CKreindler@sheppardmullin.com]
Sent: Thursday, March 24, 2016 2:27 PM
To: David B. Golubchik
Cc: Jeffrey S. Kwong; Anthony Moshirnia; Lucy Gao (lucy@huntingtongcc.com)
Subject: RE: In re Liberty / Lucy Gao

David,

I will pass on your request to Lucy, although as we discussed I have not been specifically retained to represent her with respect to the LAMC bankruptcy. Also as discussed, please find attached the notarized grant deed for the Los Altos property signed by Washe's managing member, Tsai Luan ("Shelby") Ho. Also attached is the Washe Statement of Information. Based on these two documents, you are requested to dismiss the Los Altos action immediately. Please let me know by this coming Monday what your intentions are with respect to this complaint. Thanks.

Chuck

Charles L. Kreindler
213.617.4118 | direct
213.443.2824 | direct fax
CKreindler@sheppardmullin.com | Bio

**Sheppard**Mullin
Sheppard Mullin Richter & Hampton LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
213.620.1780 | main
www.sheppardmullin.com

From: David B. Golubchik [mailto:DBG@lnbyb.com]
Sent: Thursday, March 24, 2016 1:15 PM
To: Charles Kreindler
Cc: Jeffrey S. Kwong
Subject: In re Liberty / Lucy Gao

Chuck,

I left you a message a little bit ago in response to your call. Feel free to call me anytime to discuss the matters. Considering how many different things are at play, it may make sense to meet in person and discuss.

In addition, as you know, Lucy Gao is in possession of the majority, if not all, of the relevant documents to the matters at issue. I want to make sure that you advice Lucy to preserve all documents pending conclusion of the litigation and not to destroy or remove anything. Such records include, without limitation, all electronically stored information, copies and backup, as defined by Rule 34 of the Federal Rules of Civil Procedure, along with any paper files which Lucy Gao or any of her entities maintain, relevant to these disputes. Liberty will be seeking in discovery electronic data in Lucy Gao's or any of her entities' custody and control that is relevant to these actions, including without limitation emails and other information contained on computer systems and any electronic storage systems. Liberty considers this electronic data and paper files to be valuable and irreplaceable sources of discoverable information in these matters.

In addition, Liberty places Lucy Gao on notice not to allow the deletion of any electronic communications, such as emails, relating to Liberty, assets acquired with funds or other property originating from Liberty or any agreements thereto. We are confident that Lucy Gao already has taken steps to preserve this data since she had an obligation to preserve relevant evidence. Thus, no procedures should have been implemented to alter any active, deleted or fragmented data.

We further trust that Lucy Gao will continue to preserve such electronic data and paper files throughout these proceedings.

Thank you

**DAVID B. GOLUBCHIK,** Esq.

**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**
10250 Constellation Blvd.  |  Suite 1700  |  Los Angeles, CA   90067
Phone   310 229 1234  |  Direct   310 229 3393  |  Fax   310 229 1244
dbg@lnbyb.com  |  **www.lnbyb.com**

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Brill L.L.P.'s email policies which can be found at http://www.lnbyb.com/disclaimers.htm.

 Please consider the environment before printing this email

<u>Attention:</u> This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

# EXHIBIT "B"

Lourdes

| | |
|---|---|
| From: | David B. Golubchik |
| Sent: | Wednesday, March 30, 2016 9:05 AM |
| To: | Ian S. Landsberg (ilandsberg@landsberg-law.com); CKreindler@sheppardmullin.com |
| Cc: | John-Patrick M. Fritz |
| Subject: | Liberty and turnover of property |

Ian and Chuck,

I need to get Liberty's books and records and computers so that we can comply with US Trustee and Court requirements. They are not needed for, and are not being use for, Crystal Waterfalls, which is Ian's client. Lucy refuses to give them to Benny. I have to file a motion for turnover of property of the estate. I wanted to reach out to you to see if you can do anything to assist to avoid the Court.

I understand that Chuck is not officially representing Lucy in her disputes with Liberty which, I assume, is based on past representations of Lucy/Benny and the conflict that exists, but Chuck has been involved in conveying messages. I also understand that Ian is not representing Lucy but Ian did advise me that Lucy transferred the Crystal Properties hotel operations from the hotel, where they have always been, to the Holt property. As a result, I am reaching out to both of you before taking formal action since my preference is always to avoid the time, expense and headaches of litigation.

Let me know.

Thank you

**DAVID B. GOLUBCHIK,** Esq.

**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**
10250 Constellation Blvd.   |   Suite 1700   |   Los Angeles, CA   90067
Phone  310 229 1234   |   Direct  310 229 3393   |   Fax  310 229 1244
dbg@lnbyb.com   |   **www.lnbyb.com**

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Brill  L.L.P.'s email policies which can be found at http://www.lnbyb.com/disclaimers.htm.

 Please consider the environment before printing this email

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **EMERGENCY MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE AND BOOKS AND RECORD RELATING TO PROPERTY OF THE ESTATE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF BENJAMIN KIRK AND DAVID B. GOLUBCHIK IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 1, 2016**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- David B Golubchik    dbg@lnbyb.com, dbg@ecf.inforuptcy.com
- David S Henshaw    david@henshawlaw.com, info@henshawlaw.com
- Jeffrey S Kwong    jsk@lnbyb.com, jsk@ecf.inforuptcy.com
- Queenie K Ng    queenie.k.ng@usdoj.gov
- Mark Romeo    romeolaw@msn.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On **April 1, 2016**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 1, 2016**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| *Served via Attorney Service* | *Served By Overnight Mail* |
|---|---|
| Hon. Thomas B. Donovan | Lucy Gao |
| United States Bankruptcy Court | 3218 E Holt Avenue |
| Edward R. Roybal Federal Building | West Covina, CA 91791 |
| 255 E. Temple Street, Ctrm 1345 | |
| Los Angeles, CA 90012 | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 1, 2016 | Lourdes Cruz | /s/ Lourdes Cruz |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.