JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. CV 18-0365-DOC                    Date: February 8, 2019

Title: IN RE LIBERTY ASSET MANAGEMENT CORPORATION

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):** **ORDER REVERSING SUMMARY ADJUDICATION OF LIABILITY AND REMANDING FOR FURTHER PROCEEDINGS**

Before the Court are Appellants/Defendants Benjamin Kirk ("Kirk") and Lucy Goa's ("Goa") (collectively, "Appellants") Appeals from the bankruptcy court's January 25, 2017 Summary Adjudication of Liability (Adversary No. 16-1337-ER, Dkt. 57) and December 29, 2017 Judgment and Memorandum (Adversary No. 16-1337-ER, Dkts. 141, 142). *See* Kirk Notice of Appeal (Dkt. 1); Goa Notice of Appeal (CV 18-0600-DOC, Dkt. 1).[1] The Court finds these matters suitable for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the papers and considered the parties' arguments, the Court REVERSES the Summary Adjudication of Liability against Appellants and REMANDS for further proceedings.

---

[1] This action, Kirk's appeal, was consolidated with Goa's appeal, CV 18-0600-DOC, on March 5, 2018. *See* Order Consolidating Appeals (Dkt. 13).

# I.　Background

## A.　Proceedings Below

On June 23, 2017, Appellee/Plaintiff Committee of Unsecured Creditors of Liberty Asset Management Corporation ("Appellee" or "Committee"), on behalf of the bankruptcy estate ("Estate") of Debtor Liberty Asset Management Corporation ("Debtor" or "Liberty"), brought an adversary proceeding[2] Complaint against Gao and Kirk, alleging that:

> Liberty purported to operate as a real estate investment manager, soliciting funds from investors to purchase distressed loans or properties on their behalf. The Committee is informed and thereon alleges, that typically, Kirk identified investors and investment opportunities, and Gao signed papers, established title, and transferred funds. In reality, Liberty rarely purchased designated assets on behalf of its investors, instead using investor funds for other, unauthorized purposes.
>
> Further, when distressed assets were acquired, they were generally, if not invariably, acquired in the name of a single purpose limited liability entity (individually an "Investment Entity," and, collectively, the "Investment Entities"), each of which would be capitalized with funds provided by Liberty. At least one set of documentation maintained by Liberty and its agents would show Gao as the exclusive owner of each Investment Entity, ostensibly to facilitate financing, even though Gao paid no consideration for her alleged membership interests in the Investment Entities. The Committee is informed and believes and based thereon alleges that Gao did not make any equity contributions herself to any of the Investment Entities . . . .
>
> In addition to the real properties identified in [] Related Adversary Proceedings, Gao has improperly either directly or indirectly received cash or other assets of value from Liberty. The transfers of

---

[2] "A bankruptcy 'proceeding' is a particular dispute or matter arising within a pending case, as opposed to the case as a whole." 4 Fed. Proc. Forms § 9:53. "An 'adversary proceeding' is a complete civil lawsuit within the bankruptcy action." 4B Fed. Proc. Forms § 9B:956. "A matter qualifies as an 'adversary proceeding,' . . . . if it is included in the list given in Bankruptcy Rule 7001." Barrientos *v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1189 (9th Cir. 2011).

> cash or cash equivalents identified in this Complaint are hereinafter individually referred to as a "Transfer" and collectively referred to as the "Transfers." The funds or other assets represented by the Transfers are and at all times were beneficially owned by Liberty.
>
> From its investigation to date, the Committee is aware of improper Transfers, valued in excess of $35.8 million, made by Gao from Liberty to herself (often through Investment Entities), or for her personal benefit . . . Gao's conduct was contrary to Liberty's best interests, was consistently driven by self-interest, and resulted in massive Transfers of corporate assets to Gao, or for her benefit, that caused damages to Liberty and are avoidable as intentional and/or constructively fraudulent transfers. By this adversary proceeding, the Committee seeks to recover damages from Kirk and Gao arising from their breach of fiduciary duties. In addition, the Committee seeks to avoid and recover fraudulent transfers made by Gao to or for her benefit, and to recover damages from Gao based on her conversion of assets, money had and received, and unjust enrichment, together with interest, costs, and attorneys' fees.

Complaint (Adversary No. 16-1337-ER, Dkt. 1) ¶¶ 9–15. The Committee brought eleven claims:

   (1)   Breach of fiduciary duty, against Kirk;
   (2)   Breach of fiduciary duty, against Gao;
   (3)   Conversion, against Gao;
   (4)   To avoid fraudulent transfers – actual fraud; against Gao;
   (5)   To avoid fraudulent transfers – actual fraud, against Gao;
   (6)   To avoid fraudulent transfers – constructive fraud, against Gao;
   (7)   To avoid fraudulent transfers – constructive fraud, against Gao;
   (8)   To recover avoided transfers, against Gao;
   (9)   Money had and received, against Gao and Kirk;
   (10)  Restitution for unjust enrichment/restitution, against Gao and Kirk; and
   (11)  Accounting, against Gao and Kirk;

*Id.* ¶¶ 84–131.

On January 25, 2017, the bankruptcy court granted the Committee's motion for summary adjudication of Gao and Kirk's liability for breach of fiduciary duties and accounting. *See* Findings of Fact and Conclusions of Law Regarding Summary

Adjudication of Liability ("SA") (Dkt. 2-1). The bankruptcy court entered the following conclusions of law:

> 1. Once transferred to Liberty, investors' funds became Liberty's property and the so called "investors" became creditors of Liberty.
>
> 2. As the sole officer and director of the Debtor, at all relevant times Kirk owed a fiduciary duty of care, loyalty, and good faith to the Debtor. *Bancroft-Whitney Co. v. Glen*, 64 Cal. 2d 327, 345 (1996)
>
> 3. As a fiduciary of the Debtor, Kirk bears the burden of accounting for funds entrusted to the Debtor. *In re Niles*, 106 F. 3d 1456, 1461 fn. 4 (9th Cir. 1997) ("Once the fiduciary relationship is established, the burden is on the defendant to show that he has performed his duties properly: '[t]he action for account rendered compels the fiduciary to explain the books under oath.'").
>
> 4. With the exception of Bridgestream Management LLC, and East Heights LLC, (which hold properties allegedly acquired prior to the Debtor's formation and are owned by Gao or her mother), as the sole member of the Investment Entities, Gao held all of the membership interests in the Investment Entities in trust for the Debtor.
>
> 5. With the exception of Bridgestream Management LLC, and East Heights LLC, (which hold properties allegedly acquired prior to the Debtor's formation and are owned by Gao or her mother), as the legal holder of the membership interests in the Investment Entities, Gao owed fiduciary obligations to the Debtor, the beneficial owner of said interests.
>
> 6. While she may not have been formally designated an officer of the Debtor, by, among other things, exercising dominion and control over the Debtor's assets as both an agent of the Debtor and trustee of its assets, Gao assumed a fiduciary obligation to the Debtor to account for those assets. *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 68 Cal. App. 4th 445, 483 (1998) ("If [a person] voluntarily accepts or assumes that confidence, he or she may not act so as to take advantage of the others' interest without their knowledge and consent."). *See also Michelson v. Hamada*, 29 Cal. App. 4th 1566, 1576 (1994) (fiduciary relationship between

doctors sharing office space based on agency where one agreed to handle billing, collections, and deposits of the others); *Penny v. Wilson*, 123 Cal. App. 4th 596, 603 (2004) (trustee, even with sole or absolute discretion, must act in accordance with fiduciary principles).

7. As a fiduciary of the Debtor, Gao bears the burden of accounting for funds entrusted to the Debtor. *In re Niles*, *supra*, 106 F. 3d at 1462 ("Basic principles of the law of fiduciaries therefore place the burden to render an accounting on the fiduciary once the principal has shown that funds have been entrusted to the fiduciary and not paid over or otherwise accounted for.").

8. Pursuant to California Corporations Code § 309(a), an officer or director of a California corporation owes fiduciary duties not only to the shareholder but to the corporation itself.

9. The foregoing fiduciary duty of an officer or director is owed to the corporation at all times, irrespective of the solvency of the corporation.

10. The supplemental evidence submitted by Kirk [Dkt. No. 39], including alleged misconduct by Gao, is irrelevant to whether or not Kirk breached his fiduciary obligations of care, loyalty, and good faith, and to account to Liberty. *See, e.g., Blackmon v. Hale*, 1 Cal. 3d 548, 560 (1970) (fiduciary surrendering control to co-fiduciary bears impressive burden to avoid liability; liability for failure to account affirmed).

11. Liberty (and the Committee, standing in the Debtor's shoes pursuant to the Stipulation Regarding the Official Committee of Unsecured Creditors Standing to Pursue Adversary Proceedings, Bring Avoidance Claims, and Litigate or Compromise Adversary Proceedings, filed in the main case as Dkt. No. 163), has standing to pursue the breach of fiduciary duty claims (First and Second Claims for Relief) and the accounting claim (Eleventh Claim for Relief) against Kirk and Gao. *Smith v. Arthur Andersen LLP*, 421F. 3d 989, 1003-06 (9th Cir. 2005).

12. Kirk breached his fiduciary duties to the Debtor by, among other matters, failing to supervise Gao or otherwise establish controls to prevent her diversion of assets, failing to disclose the diversion of assets, and failing to account for the Debtor's assets.

13. Gao breached her fiduciary duties to the Debtor by, among other matters, diverting the Debtor's assets to herself and entities under her control, and failing to account for the Debtor's assets.

14. Kirk and Gao each bear the burden of proof to account to the Debtor. Stated differently, the Defendants must demonstrate that all monies entrusted to the Debtor through them were properly managed by rendering an account of all receipts and disbursements, showing when, to whom, and for what purpose payments were made. *In re Niles*, 106 F. 3d 1456, 1461 fn. 4 (9th Cir. 1997); *Estate of McCabe*, 98 Cal. App. 2d 503, 505 (1950).

15. Gao and Kirk can neither account for the Debtor's funds that were controlled by them, nor have they demonstrated that any such accounting is possible.

16. Gao is precluded from testifying on subjects as to which she previously successfully asserted her Fifth Amendment rights. *Nationwide Life Ins. Co. v. Richards*, 541 F. 3d 903, 910 (9th Cir. 2008); *United States v. $133,420 in U.S. Currency*, 672 F. 3d 629, 640-41 (9th Cir. 2012).

17. The Court may draw negative inferences with respect to the answer to questions to which Gao has previously asserted her Fifth Amendment rights. *Nationwide Life Ins. Co.*, 541 F. 3d at 912. *See also Rudy-Glanzer v. Glanzer*, 232 F. 3d 1258, 1264 (9th Cir. 2000).

18. To the extent that Gao has responded to the Committee's facts by offering nonresponsive evidence or argument, the Court may consider such facts undisputed and grant summary adjudication. Fed. R. Civ. P. 56(e)(2); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249- 50 (1986).

19. Liberty has suffered damages, in an amount to be determined in a separate proceeding, based on the diversion of assets and the Defendants' inability to account for such assets.

20. The Court's adjudication herewith that Gao and Kirk are liable under the First, Second, and Eleventh Claims for Relief constitutes an interlocutory order. *Wynn v. Reconstruction Finance Corp.*, 212 F. 2d 953, 955-56 (9th Cir. 1954).

SA at 7–9.

On August 2, 2017, the Court conducted a trial to determine the amount of damages suffered by Liberty as a result of Gao and Kirk's failure to account. *See* Memorandum of Decision that Plaintiff is Entitled to Judgment Against Defendants in the Amount of $74,140,695.29 ("Memorandum") (Dkt. 2) at 2. On December 29, 2017, the bankruptcy court found that Gao and Kirk breached their fiduciary duties to Liberty, have failed to account for Liberty's assets, and in connection with these breaches and failure to account, Liberty has been damaged in the amount of $74,140,695.29. *Id.* Also on December 29, 2017, the bankruptcy court entered Judgment (Dkt. 2) in favor of Committee and against Gao and Kirk, jointly and severally, in the amount of $74,140,695.29.

### B. Procedural History

On January 16, 2018, Kirk filed a Notice of Appeal, and on January 24, 2018, Gao filed a notice of appeal. *See* Kirk Notice of Appeal; Gao Notice of Appeal. On March 5, Kirk and Gao's appeals were consolidated. *See* Order Consolidating Appeals (Dkt. 13).

On April 17, 2018, Kirk filed his opening brief ("Kirk Br.") (Dkt. 16), and on April 20, 2018, Gao filed her opening brief ("Gao Br.") (Dkt. 23). On May 16, 2018, the Committee filed its brief ("Committee Br.") (Dkt. 25). On May 30, 2018, Gao filed her reply brief ("Gao Reply Br."), and on May 31, 2018, Kirk filed his reply brief ("Kirk Reply Br.")

## II. Jurisdiction

This Court has jurisdiction to hear appeals "from final judgments, orders, and decrees" in bankruptcy proceedings. 28 U.S.C. § 158(a).

### III.   Standard of Review

A district court reviews the bankruptcy court's decisions using the same standard that a court of appeals uses to review a district court's judgment in general civil matters. 28 U.S.C. § 158(c)(2). A bankruptcy court's interpretation of the Bankruptcy Code and its conclusions of law are reviewed de novo and its factual findings are reviewed for clear error. *Blausey v. U.S. Tr.*, 552 F.3d 1124, 1132 (9th Cir. 2009); *In re Triple Star Welding, Inc.*, 324 B.R. 778, 788 (B.A.P. 9th Cir. 2005), *abrogated on other grounds by In re AFI Holding, Inc.*, 530 F.3d 832 (9th Cir. 2008).

The bankrupty court's grant of summary judgment is reviewed de novo. *See In re Kaypro*, 218 F.3d 1070, 1073 (9th Cir. 2000). "Viewing the evidence in the light most favorable to the non-moving party, [the Court] must determine whether there are any genuine issues of material fact and whether the bankruptcy court correctly applied the relevant substantive law." *In re Prestige Ltd. P'ship-Concord*, 234 F.3d 1108, 1114 (9th Cir. 2000) (citation omitted).

### IV.   Discussion

Kirk raises seven arguments on appeal, contending that it was error for the bankruptcy court to:

(1) conclude that as a director of the Debtor, Kirk bears a burden of accounting that gives rise to damages;
(2) determine that Gao's wrongdoing was irrelevant in concluding Kirk is liable for breach of duty of care;
(3) determine that Kirk breached his fiduciary duties by failing to adequately supervise Gao, failing to disclose diversion of assets, and failing to account;
(4) determine that Kirk must demonstrate all monies entrusted to him/debtor were properly managed by rendering an account of all receipts and disbursements, showing when, to whom, and for what purpose payments were made;
(5) conclude that Kirk cannot account for funds controlled by him/Gao;
(6) conclude that debtor suffered damages due to Kirk's failure to account; and
(7) conclude that Kirk is liable for $75 million for failure to account.

Kirk Br. at 3. Gao raises ten arguments on appeal, contending that it was error for the bankruptcy court to:

(1) fail to consider Gao's declaration in opposition to the Motion for Summary Adjudication based on Gao's invocation of the Fifth Amendment in a separate proceeding;
(2) rely upon evidence in declarations ruled inadmissible by the bankruptcy court;
(3) rely upon testimony from Kirk in the Motion for Summary Adjudication which contradicted prior statements made under oath;
(4) discard evidence provided by Gao in opposition to the Motion for Summary Adjudication based upon findings of credibility as to the declaration of Gao;
(5) make findings of fact related to issues not raised in the Motion for Summary Adjudication;
(6) rule that Gao held a fiduciary duty to the Debtor;
(7) grant the Motion for Summary Adjudication based on a finding that there were no material facts in dispute;
(8) grant the Committee's motion in limine at trial denying Gao the right to testify at trial based upon a finding that she had invoked the Fifth Amendment privilege in a separate proceeding;
(9) grant the Committee's motion in limine at trial denying Gao the right to introduce evidence at trial of the disposition of funds; and
(10) find damages against Gao without sufficient evidentiary basis.

Gao Br. at 1–6. In response, the Appellants argues that Kirk and Gao fail to identify any finding of fact that was clearly erroneous or any application of law that requires reversal. Committee Br. at 2.

To resolve these appeals, the Court will first address the substantive standard for whether Kirk is liable under the Committee's breach of fiduciary duty and accounting claims, and then turn to Gao's prior invocation of the Fifth Amendment and its consequences for this adversary proceeding.

### A. Breach of Fiduciary Duty and Accounting

The bankruptcy court, on a summary adjudication, found Kirk liable for the Committee's first claim for breach of fiduciary duty and eleventh claim for accounting. SA at 7–9.

At the outset, it appears that the bankruptcy court found on summary adjudication that Kirk is liable for failing to provide an accounting of moneys entrusted to the Debtor pursuant not only to the Committee's first claim for breach of fiduciary duty, but also

pursuant to the eleventh claim for accounting. *See id.*; Kirk Br. at 4. However, a cause of action for accounting is not a legal claim for damages, but rather a claim for an equitable remedy to compel the defendant to account to the plaintiff "to determine what is due and owing" where there is either: (1) a fiduciary relationship between the parties; or (2) "the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable." *Jolley v. Chase Home Fin.*, LLC, 213 Cal. App. 4th 872, 910 (2013), *as modified on denial of reh'g* (Mar. 7, 2013); *Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105, 1136–37 (2014), *as modified on denial of reh'g* (Feb. 27, 2014) *see also Janis v. California State Lottery Com.*, 68 Cal. App. 4th 824, 833 (1998) ("A right to an accounting is derivative; it must be based on other claims.") *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 180 (2009) ("[T]he nature of a cause of action in accounting is unique in that it is a means of discovery.").

　　　　Here, as Kirk points out, the bankruptcy court did not issue a judgment directing Kirk to provide an accounting to the Committee in the form of an equitable remedy (based on other predicate claims) in order to determine what is owed. *See* Kirk Br. at 5; SA at 7–9; *see generally* Judgment. Rather, the bankruptcy court found that Kirk bears a burden of accounting, failed to account, and the Debtor suffered damages as a result. SA at 7–9. However, because an accounting is an equitable remedy used as a means of discovery, *Teselle*, 173 Cal. App. 4th at 180, the bankruptcy court's summary adjudication of Kirk's liability for accounting based on past failure to account was not warranted.

　　　　Accordingly, the Court REVERSES the summary adjudication of liability for Committee's eleventh claim for accounting against Kirk.

　　　　Next, in determining whether Kirk is liable for breach of fiduciary duty, the bankruptcy court held that, pursuant to Kirk's fiduciary duty to the Debtor, Kirk bears the burden of accounting for funds entrusted to the Debtor, and that he breached that duty, as follows:

> . . . . 2. As the sole officer and director of the Debtor, at all relevant times Kirk owed a fiduciary duty of care, loyalty, and good faith to the Debtor. *Bancroft-Whitney Co. v. Glen*, 64 Cal. 2d 327, 345 (1996)
>
> 3. As a fiduciary of the Debtor, Kirk bears the burden of accounting for funds entrusted to the Debtor. *In re Niles*, 106 F. 3d 1456, 1461 fn. 4 (9th Cir. 1997) ("Once the fiduciary relationship is established, the burden is on the defendant to show that he has performed his

    duties properly: '[t]he action for account rendered compels the fiduciary to explain the books under oath.'") . . . .

    8. Pursuant to California Corporations Code § 309(a), an officer or director of a California corporation owes fiduciary duties not only to the shareholder but to the corporation itself.

    9. The foregoing fiduciary duty of an officer or director is owed to the corporation at all times, irrespective of the solvency of the corporation.

    10. The supplemental evidence submitted by Kirk [Dkt. No. 39], including alleged misconduct by Gao, is irrelevant to whether or not Kirk breached his fiduciary obligations of care, loyalty, and good faith, and to account to Liberty. *See, e.g., Blackmon v. Hale*, 1 Cal. 3d 548, 560 (1970) (fiduciary surrendering control to co-fiduciary bears impressive burden to avoid liability; liability for failure to account affirmed) . . . .

    12. Kirk breached his fiduciary duties to the Debtor by, among other matters, failing to supervise Gao or otherwise establish controls to prevent her diversion of assets, failing to disclose the diversion of assets, and failing to account for the Debtor's assets . . . .

    14. Kirk and Gao each bear the burden of proof to account to the Debtor. Stated differently, the Defendants must demonstrate that all monies entrusted to the Debtor through them were properly managed by rendering an account of all receipts and disbursements, showing when, to whom, and for what purpose payments were made. *In re Niles*, 106 F. 3d 1456, 1461 fn. 4 (9th Cir. 1997); *Estate of McCabe*, 98 Cal. App. 2d 503, 505 (1950).

    15. Gao and Kirk can neither account for the Debtor's funds that were controlled by them, nor have they demonstrated that any such accounting is possible.

SA 7–9.

    Kirk does not dispute that "as the sole officer and director of the Debtor, at all relevant times Kirk owed a fiduciary duty of care, loyalty, and good faith to the Debtor." SA at 7 (citing *Bancroft-Whitney Co. v. Glen*, 64 Cal. 2d 327, 345 (1996)); Kirk Br. at 4.

However, Kirk argues that the bankruptcy court erred in determining the nature of his fiduciary duties by (1) improperly holding Kirk—as director of the corporation—to the fiduciary duties that a trustee owes to a beneficiary; and (2) improperly holding Kirk strictly liable for the actions of Gao (and relatedly failing to apply the business judgment rule to Kirk's supervision of Gao). Kirk Br. at 6–8.

The bankruptcy court cited *In re Niles*, 106 F. 3d at 1461 n.4, to hold that "[a]s fiduciary of the Debtor, Kirk bears the burden of accounting for funds entrusted to the Debtor." SA at 7 (quoting *In re Niles*, 106 F. 3d 1456, 1461 n.4 (9th Cir. 1997) ("Once the fiduciary relationship is established, the burden is on the defendant to show that he has performed his duties properly: '[t]he action for account rendered compels the fiduciary to explain the books under oath.'")).

Kirk points out that *Niles* did not involve the fiduciary duties owed by a director to a company, but instead duties in a traditional trustee and beneficiary relationship where the trustee is accused of misappropriation—Niles was a property manager and agent for Otto, and was accused of misappropriating Otto's funds. Kirk Br. at 6. In fact, under California Corporations Code § 309(b), "[i]n performing the duties of a director, a director shall be entitled to rely on information, opinions, reports or statements, including financial statements and other financial data" as prepared by officers or employees, counsel, independent accountants, other competent persons, or a committee of the board on which the director does not serv. Cal. Corp. Code. § 309(b). If the standard for fiduciary duties owed by a director to a company were identical to that in a traditional trustee and beneficiary relationship, a director would both be strictly liable for the accounting, and would be enabled to rely on information of other parties regarding the accounting. As these standards are in tension, the bankruptcy court erred in applying the fiduciary duties in a traditional trustee and beneficiary relationship to Kirk. "Because the [bankruptcy] court applied an incorrect rule of law, [this Court] cannot uphold its grant of summary judgment. *See, e.g.*, *Penwell v. Holtgeerts*, 386 F. App'x 665, 667 (9th Cir. 2010). Accordingly, the Court REVERSES the grant of summary adjudication of liability for Committee's first claim for breach of fiduciary duty against Kirk.

### B.     Prior Fifth Amendment Invocation

In Gao's Opposition to the Motion for Summary Adjudication, Gao submitted her own 76-page declaration, which she relied on to assert genuine issues of material fact in dispute. Gao Br. 16 (citing Appx Q (Dkt. 20-2) at 956–1031). The bankruptcy court concluded that "Gao is precluded from testifying on subjects as to which she previously successfully asserted her Fifth Amendment rights" and that "[t]he Court may draw negative inferences with respect to the answer to questions to which Gao has previously

asserted her Fifth Amendment rights." Appx W (Dkt. 21-5) at 1261–70 (citing *Nationwide Life Ins. Co. v. Richards,* 541 F. 3d 903, 910 (9th Cir. 2008); *United States v. $133,420 in U.S. Currency,* 672 F. 3d 629, 640–41 (9th Cir. 2012); *Rudy-Glanzer v. Glanzer,* 232 F. 3d 1258, 1264 (9th Cir. 2000)). The bankruptcy court based this conclusion on its finding that:

> At a hearing held before this Court on June 22, 2016, on the Debtor's *Renewed Emergency Motion For Turnover of Property of the Estate and Books and Records Relating To Property of the Estate* [Dkt. No. 116] in the main bankruptcy case, Gao, having been sworn under oath, invoked her Fifth Amendment right against self-incrimination when asked, inter alia:
>
> a. whether she was employed with Liberty from and after 2007;
>
> b. what her job functions were on behalf of Liberty;
>
> c. did her responsibilities include being in charge of accounting functions;
>
> d. whether all, or substantially all, of the assets purchased using investor funds were vested in LLC's for which Gao was the sole member; and
>
> e. what she did with the proceeds of the so called "Geary" sale.

*Id.* Gao argues that the bankruptcy court's failure to consider her declaration based on her prior invocation of the Fifth Amendment in the Motion for Turnover in the Chapter 11 bankruptcy case-in-chief, was reversible error, because "barring a party from testifying at trial based upon their invocation of the Fifth Amendment privilege against self-incrimination is limited to circumstances in which the privilege is invoked in the same proceeding as the trial in which such testimony is barred." Gao Br. 21–25. Thus, Gao argues, the bankruptcy court should not have precluded Gao's declaration in the adversary proceeding below because she invoked the Fifth Amendment in a different proceeding: the bankruptcy case-in-chief. *Id.* Gao points out that the Appellee acknowledged that Gao has not invoked the privilege in the adversary proceeding. *Id.* (citing Appx H (Dkt. 17-8) at 142). Gao also argues that because Appellee did not conduct any discovery in the adversary proceeding, Appellee has not shown any prejudice with respect to the discovery process in the adversary proceedings (which

courts often look too in determining whether to adopt remedial measures or impose sanctions from a prior invocation of the privilege). *Id.*

In response, Committee argues that the bankruptcy court did not err in disregarding portions of her declaration because she previously refused to answer questions on the same subject, invoking the Fifth Amendment. Committee Br. 19. Committee argues authority exists that the bankruptcy main case and the related adversary case are considered two prongs of the same proceeding, and thus the turnover proceeding was not a "different" proceeding for the purposes of the Fifth Amendment. *Id.* (citing *In re Yates*, 2008 Bankr. LEXIS 4406 *25 (S.D. Cal. June 17, 2008)). More specifically, Committee argues that Gao was represented by counsel at a civil hearing on Liberty's motion for turnover of its books and records, and Gao refused to answer basic questions posed by the Committee; that the Committee sued Gao and Kirk in the same bankruptcy for failure to account, largely because Liberty allegedly lacked any accounting records and what records are available show payments to Gao's personal account, including from the sale of "the Geary Property"; and that Gao subsequently sought to introduce testimony against the Committee on those same basic questions regarding her employment, job functions, and proceeds from the Geary Property. *Id.* Committee thus argues the bankruptcy court properly precluded testimony on the specific issues to which Gao refused to testify. *Id.* Committee also contends that it was prejudiced by Gao's invocation of the fifth, because the Debtor's records were destroyed and Gao refused to answer questions regarding her responsibilities for the Debtor.[34]

In Gao's Reply, Gao argues *In re Yates* is distinguishable, as the court in that case was required to determine whether testimony provided in a 341(a) hearing in the case in chief could effect a waiver of Fifth Amendment privilege in subsequent hearings in the case-in-chief. Gao Reply Br. 8. Gao thus argues that the assertion of her privilege in the June 20, 2016 Turnover hearing constituted an assertion in an adversary proceeding separate from the case-in-chief, and thus, the bankruptcy court improperly excluded her declaration on the grounds that she asserted her Fifth Amendment rights.

---

[3] Committee argues, "[t]he fact that *some* records were ultimately turned over to a CRO does not alter the Bankruptcy Court's conclusion that the Debtor lacks a complete set of books and records, and available books and records consist of piecemeal files." *Id.* (citing Appx W, 1266 ¶¶ 15–24).

[4] Committee also argues that preclusion of testimony is an evidentiary ruling reviewed for abuse of discretion, and the bankruptcy court did not abuse its discretion because it applied the correct law, and correctly applied the law to the facts. Committee Br. 19. While a trial court's ruling precluding testimony is ordinarily an evidentiary ruling and thus reviewed for abuse of discretion, "[i]f the ruling precludes the presentation of a defense, review is *de novo*." *U.S. v. Lynch*, 437 F.3d 902, 913 (9th Cir. 2006). As the bankruptcy court precluded Gao from presenting a portion of her defense at trial, this Court may review the ruling *de novo*.

Several courts have found that a debtor's waiver or invocation of her Fifth Amendment rights does not carry over from one proceeding to a separate proceeding. *See, e.g., In re Hulon*, 92 B.R. 670, 674 (Bankr. N.D. Tex. 1988) ("waiver of the [Fifth Amendment] privilege in a proceeding does not affect the debtor's rights to assert the privilege in another proceeding"); *In re Gi Yeong Nam*, 245 B.R. 216, 232 (Bankr. E.D. Pa. 2000) (noting that a debtor waiving Fifth Amendment rights in one proceeding "would have little reason to understand. . . that he would be waiving his Fifth Amendment privilege in all subsequent litigation that ensued in the bankruptcy court"); *see also U.S. v. James*, 609 F.2d 36, 45 (2d Cir. 1979) ("A waiver of the privilege in one proceeding does not affect a witness' rights in another proceeding"); *In re Ross*, 156 B.R. 272, 275 (Bankr. D. Idaho 1993) (a turnover order does not implicate a debtors' Fifth Amendment rights).

Unlike *In re Yates*, which involved "two phases of a single proceeding," 2008 Bankr. LEXIS 4406 at * 25, in the instant action, the bankruptcy case-in-chief was a separate proceeding from the adversary proceeding—a Turnover Motion solely relating to turnover of documents (i.e. the June 20, 2016 hearing)—in which Gao asserted her Fifth Amendment privilege. As such, Gao was not precluded from offering the Declaration in the bankruptcy-in-chief, given that she had not asserted her Fifth Amendment right in the case-in-chief. Thus, the bankruptcy court erred in failing to consider Gao's declaration.

Accordingly, the Court REVERSES the bankruptcy court's grant of summary adjudication of liability for breach of fiduciary duties and accounting against Gao.

The Court REMANDS for further proceedings, including a renewed motion for summary adjudication of liability against Kirk and Gao, if desired by the Committee.

V.　　Disposition

For the reasons stated above, the Court REVERSES the bankruptcy court's grant of summary adjudication of liability against Appellants, and REMANDS for further proceedings.

The Clerk shall serve this minute order on the parties.

**cc Bankruptcy and BAP**